FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 29 2005

JAMES W. McCORMACK, CLE
By: _____
                          DEP CLE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
Plaintiff, )
) CIVIL ACTION NO. 1-05-CV-0074-JMM
v. )
)
PROFESSIONAL DENTAL )
MANUFACTURING, INC. D/B/A PRO-DENTEC ) COMPLAINT
) Jury Demand
) This case assigned to District Judge Moody
Defendant ) and to Magistrate Judge Cavaneau

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action pursuant to the Age Discrimination in Employment Act to compel Defendant, Professional Dental Manufacturing, Inc. d/b/a Pro-Dentec ("Pro-Dentec"), to comply with a Mediation Settlement Agreement, achieved through the Commission's mediation process, in resolution of a charge filed on the basis of age discrimination, and to provide appropriate relief to Glenda Rogers, the Charging Party. The Commission alleges that the parties entered into a Mediation Settlement Agreement on May 3, 2004, in settlement of EEOC Charge No. 251-2004-00761, filed by Glenda Rogers against Pro-Dentec. The Commission further alleges that Pro-Dentec has breached the agreement in that is has failed and refused to abide by the terms of the agreement. Plaintiff requests that the Court grant a preliminary injunction enjoining Pro-Dentec, its officers, successors, assigns and all persons in active concert or participation with it, from taking any action to cancel the medical insurance coverage of Glenda Rogers prior to November 30, 2005.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Professional Dental Manufacturing, Inc. d/b/a Pro-Dentec (the "Employer"), has continuously been doing business in the State of Arkansas and the city of Batesville and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## VOLUNTARY COMPLIANCE

6.  Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.  More than thirty (30) days prior to the institution of this lawsuit, Glenda Rogers filed a charge of discrimination with the Commission alleging violations of the ADEA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Glenda Rogers filed a charge of discrimination with the Commission on January 27, 2004, alleging that she was discharged by Defendant Employer on November 7, 2003, because of her age (60) in violation of the Age Discrimination in employment Act.

9.  After Glenda Rogers filed her charge of discrimination with the Commission, she and Defendant Employer agreed to participate in the Commission's Alternative Dispute Resolution Program.

10. A mediation was conducted by a Commission mediator. As a result of the mediation, Glenda Rogers and Defendant Employer entered into a Mediation Settlement Agreement on May 3, 2004. A copy of the Mediation Settlement Agreement is attached to this complaint as Exhibit A.

11. The portion of the Mediation Settlement Agreement that is at issue is Paragraph 7(A) on page 2. The paragraph reads as follows.

3

The Respondent agrees that it will maintain Charging Party on its group health plan through November of 2005. Charging Party will be responsible for all monthly premium payments in the same amount as if she were one of their employees in consideration and compromise of the terms and conditions of this agreement.

12. Glenda Rogers has maintained medical insurance coverage. However, the monthly premium payments have been much higher than the amount agreed upon by the parties as evidenced in the Mediation Settlement Agreement.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a preliminary injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from taking any action to cancel the medical insurance coverage of Glenda Rogers prior to November 30, 2005.

B. Order Defendant Employer to reimburse Glenda Rogers for the difference between what she actually paid and will pay in medical insurance premiums from May 2004 through November 2005 and the amount Glenda Rogers should have paid for medical insurance premiums under the terms of the Mediation Settlement Agreement.

C. Grant such further relief as the Court deems necessary and proper in the public interest.

D. Award the Commission its costs of this action.

4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*KW Kores / by WAC*

**KATHARINE W. KORES**
Regional Attorney

*T. Beck / by WAC*

**TERRY BECK**
Supervisory Trial Attorney

**WILLIAM A. CASH, JR.**
Senior Trial Attorney
AR #88081

**PAMELA B. DIXON**
Senior Trial Attorney
AR # 95085

EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
Telephone:    (501) 324-5539
              (501) 324-5065

# MEDIATION SETTLEMENT AGREEMENT

CHARGE NUMBER:        251-2004-00761

CHARGING PARTY:    Glenda Rogers

RESPONDENT:        Prodentec

1. In exchange for the promises made by RESPONDENT pursuant to Charge Number 251-2004-00761 , CHARGING PARTY agrees not to institute a law suit under ( <u>Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967 as amended, the Americans with Disabilities Act of 1990, as amended</u>, based on EEOC Charge Number 251-2004-00761.

2. Further we agree that submission of this agreement to EEOC will constitute a request for closure of EEOC Charge Number 251-2004-00761.

3. It is understood that this agreement does not constitute an admission by Respondent of any violation of (Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967 as amended, the Americans with Disabilities Act of 1990, as amended).

4. Respondent agrees that there shall be no discrimination or retaliation of any kind against Charging Party as a result of filing this charge or against any person because of opposition to any practice deemed illegal under the ADA, the ADEA or Title VII, as a result of filing this charge, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the aforementioned Acts.

5. This document constitutes a final and complete statement of the agreement between the Charging Party, Respondent and EEOC.

6. The parties agree that the EEOC is authorized to investigate compliance with this agreement and that this agreement may be specifically enforced in court by the EEOC or the parties and may be used as evidence in a subsequent proceeding in which a breach of this agreement is alleged.

6A. <u>CHARGING PARTY</u> acknowledges that she has been advised to consult with an attorney and has been given a reasonable time to consider the agreement before signing.



EXHIBIT A

7.  As evidence of a good faith effort to resolve EEOC Charge Number 251-2004-00761, Respondent offers and Charging Party accepts the following proposal of settlement or (the parties agree):

A.  The Respondent agrees that it will maintain Charging Party on its group health plan through November of 2005. Charging Party will be responsible for all monthly premium payments in the same amount as if she were one of their employees in consideration and compromise of the terms and conditions of this agreement.

B.  The Respondent agrees to provide a positive job reference for Charging Party in the event they are contacted by perspective employers in the future. Further, the Respondent agrees that it will provide Charging Party with a recommendation letter that can be henceforth attached to her applications for employment. The party's agree that Charging Party will be allowed to change her termination to a resignation by letter which will be substituted in her permanent personnel file.

C.  The Charging Party agrees to seek neither re-employment or new employment with the Respondent, its companies and subsidiaries in consideration of the terms and conditions herein.

D.  The parties acknowledge the terms and conditions of the EEOC Confidentiality Agreement and agree that the terms and conditions of this agreement will remain confidential and are covered by the provisions of the Confidentiality Agreement.

E.  The parties acknowledge that they have entered into a supplemental release agreement that they will execute after entry of this agreement without EEOC involvement, assistance or review. This agreement references that agreement as a part of the settlement. Charging Party acknowledges as a condition of this agreement that she will meet with the Respondent at Jack, Lyon and Jones office in Little Rock, Arkansas, at 1:30 p.m. on Monday, May 3, 2004, to execute the supplemental release agreement.

_____
Charging Party

_____
Respondent

5-3-04
Date

_____
Date

In reliance on the promises made in paragraphs A through E above, EEOC agrees to terminate its investigation and to not use the above referenced charge as a jurisdictional basis for a civil action under <u>Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination Act of 1967 as amended, or the Americans with Disabilities Act of 1990, as amended</u>. EEOC does not waive or in any manner limit its right to investigate or seek relief in any other charge including, but not limited to, a charge filed by a member of the Commission against the Respondent.

On Behalf of the Commission:

_____ For:       _5 - 3 - 64_
Theodore C. Lamb                    Date
Attorney / Mediator
for Danny G. Harter
Acting District Director